## BURKE v CINCINNATI (City)

Ohio Appeals, 1st Dist, Hamilton Co
No 3675. Decided Sept 12, 1930

Hoffman & Burke, Cincinnati, for Burke.

John D. Ellis, James E. O'Connell, and Robert McIntosh, all of Cincinnati, for City.

**ROSS, J.**

Section 10, Article I of the Constitution of Ohio, as amended in 1912, provides in part as follows:

"x x x x In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witness face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition and to examine the witness face to face as fully and in the same manner as if in court. No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be made the subject of comment by counsel. x x"

Two things are manifest from the provisions of this section:—first, that an accused is guaranteed ample protection in the securing and presenting of such evidence as may be available for his defense; and, second, that his failure to avail himself of such opportunity, to the extent of offering his own testimony, "may be considered by the court and jury".

This case presents an instance of a refusal or failure of the accused to avail himself of his constitutional guarantees and a case in which the accused by such failure and his personal silence subjects himself to the effect of the constitutional provisions contained in the amendment permitting consideration by the court and jury of such fact in determining guilt. If any other meaning be given the language used, it makes this portion of the section ineffective.

"Formerly, under the old constitution, the failure of the defendant to testify, raised no presumption of guilt; but upon the contrary, he was presumed to be innocent. He might stand upon his silence if he saw fit to do so, and no comment could be made upon that silence, nor any inference drawn by the court or jury as to his guilt. But the new Constitution, of 1912 very substantially changed these inferences. An amendment thereto made it not only proper for the prosecuting attorney to comment upon defendant's failure to take the witness stand, but made it a proper matter for courts to consider in determining whether or not from the whole record he was legally and rightfully convicted." **Leonard, Jr., v. State of Ohio, 100 Ohio St., 456, 472.**

See also: **12 Ohio Jur., p. 295, section 291.**

In determining the sufficiency of the evidence, the enabling character of the section quoted extends to this reviewing court.

Substantial reasons occur to the court why an accused might stand mute when charged with a more serious crime than that of parking an automobile unlawfully, and the compulsion of such motives must be considered in each individual case as bearing upon the inference of guilt. It can easily be seen that a man charged with murder knowing that a lethal weapon was his own property, but in the possession of his wife or child or dear friend might sacrifice himself for their benefit, and a court or jury might well hesitate to give the silence of the accused such weight as is warranted when the charge is of the trivial character involved in the case at bar, and where it is hardly to be presumed that even the inspiration of chivalry would be so effective as to cause silence. Or again, an accused might be apprehensive of the effect upon a jury of a long criminal record. There is no place for such an element of fear in this case.

It must be taken for granted that the accused knew the probative effect of his silence, as set out in the Constitution.

Having failed to in any way explain the fact that his automobile was found unlawfully parked, or attempt to do so, or even merely state that he could not do so, the majority of the court holds that the trial court was fully warranted in finding him guilty of violating the ordinance, and considering his silence as this court in this case considers it, coupled with the other evidence in the case, conclusive of his guilt.

The judgment of the court of common pleas of Hamilton County, affirming the judgment of the Municipal Court of Cincinnati, is, therefore, affirmed.

Hamilton, J., concurs.

Cushing, P. J., dissents.